UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. ARRINGTON-ANDREWS,

              Plaintiff,              Civil Action No. 15-10519
                                          Honorable Arthur J. Tarnow
                                          Magistrate Judge David R. Grand

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DIMISS PLAINTIFF'S COMPLAINT [11]**

**I.    REPORT**

    **A.    Background**

Plaintiff Angela Arrington-Andrews ("Plaintiff") brings this action pursuant to 42 U.S.C. §405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). (Doc. #1). This case has been referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636.

On January 21, 2014, following remand from this Court, an administrative law judge ("ALJ") issued a written decision denying Plaintiff's application for DIB. (Doc. #11-2 at 4-19). A copy of this decision was mailed to Plaintiff and her representative that same day, along with a notice informing Plaintiff of her right to file written exceptions to the ALJ's decision within 30 days of receipt of the notice, or to request an extension

within the same time period. (Doc. #11-1 at ¶4(a); Doc. #11-2 at 1-3). The notice also informed Plaintiff that if she did not file timely written exceptions, and the Appeals Council did not choose to review the ALJ's decision on its own, the decision would become final on the 61st day following the date of the notice. (Doc. #11-2 at 2). The notice explained that Plaintiff would lose her right to federal court review of the ALJ's decision if she failed to file a civil action during the 60-day period following the date the decision became final. (*Id.*). Additionally, the notice advised Plaintiff that the Social Security Administration ("SSA") would "not send … any more notices about [her] right to file in Federal district court." (*Id.*).

Two months later, on March 21, 2014, Plaintiff filed exceptions to the ALJ's decision. (Doc. #11-1 at ¶4(a); Doc. #11-3). In a letter dated May 2, 2014, the SSA advised Plaintiff that, "Under our rules, you must send us exceptions or ask for more time to do so within 30 days of the date you receive the Administrative Law Judge's decision." (Doc. #11-3 at 1). Thus, the SSA advised Plaintiff that she was required to submit proof that she had asked for an extension to file exceptions within 30 days of the date she received the ALJ's decision. (*Id.*). There is no indication in the SSA's records that Plaintiff ever responded to the SSA's letter (Doc. #11-1 at ¶4(a)), and she does not claim to have done so. On January 8, 2015, the Appeals Council advised Plaintiff that, due to her failure to prove that she had timely filed her request for extension, it considered her exceptions untimely. (Doc. #11-4). Plaintiff was further advised that the ALJ's decision was the final decision of the Commissioner after remand. (*Id.*).

When Plaintiff filed her complaint on February 10, 2015, the Commissioner

2

responded by filing the instant motion to dismiss, arguing that the complaint was untimely. (Doc. #11). After Plaintiff failed to timely respond to the Commissioner's motion, the Court issued an Order to Show Cause, and Plaintiff timely responded by filing a brief in opposition to the Commissioner's motion. (Docs. #12, 13). In her response, Plaintiff claims that the ALJ's January 21, 2014 decision "was not received by [her] counsel at that time," and that, in fact, it was not received until March 21, 2014. (Doc. #13 at 2). Thus, Plaintiff claims that her filing of a "Request for Review" that same day constituted timely-filed exceptions to the ALJ's decision. (*Id.*). According to Plaintiff, the Commissioner was required by law to issue a decision on her objections; thus, the matter should either be permitted to proceed in federal court or remanded to the Appeals Council to rule on Plaintiff's exceptions. (*Id.* at 4-5).

**B.     Legal Standards**

Because both parties have submitted affidavits supporting their respective positions, the Court must treat the Commissioner's motion as a motion for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d). *See also Reeves v. Hogle,* 2006 WL 572708, at *2 (W.D. Mich. Mar. 8, 2006); *Caley v. Astrue*, 2011 WL 5545906, at *2 (N.D. Ohio Oct. 27, 2011). Rule 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining

whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)).

**C.     Analysis**

Section 205(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision **by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.**

42 U.S.C. §405(g) (emphasis added). This 60-day statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts strictly construe the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Zampella v. Barnhart*, 2004 WL 1529297, at *2 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

Where, as here, a case has been remanded by a Federal court for further consideration, the decision of the ALJ becomes the final decision of the Commissioner unless the Appeals Council assumes jurisdiction of the case, whether based on the claimant's written exceptions to the ALJ's decision or on the Appeals Council's own authority. *See* 20 C.F.R. §404.984(a). Exceptions to the ALJ's decision must be filed within 30 days of the date the claimant receives the decision, unless a timely filed request for extension has been granted. *See* 20 C.F.R. §404.984(b)(1). If exceptions are not timely filed, and the Appeals Council does not otherwise assume jurisdiction within 60 days of the date of the ALJ's decision under 20 C.F.R. §404.969(a), that decision becomes the final decision of the Commissioner after remand. *See* 20 C.F.R. §404.984(c) and (d).

Here, the Commissioner has established, via affidavit, that, on January 21, 2014,

5

the SSA mailed Plaintiff a copy of the ALJ's decision, along with a notice informing Plaintiff of her right to file written exceptions to the ALJ's decision within 30 days of receipt of the notice, or to request an extension within the same time period. (Doc. #11-1 at ¶4(a); Doc. #11-2 at 1-3). The notice also explained that the ALJ's decision would become final on the 61st day following the date of the notice if Plaintiff did not file timely written exceptions and the Appeals Council did not choose to review the decision on its own. (Doc. #11-2 at 2). The notice advised Plaintiff that, after the decision became final, she had 60 days to file a civil action in Federal court or she would lose her right to court review. (*Id.*). Later, the notice reiterated that if Plaintiff disagreed with the decision, she was required to file exceptions within 30 days, or file a civil action in Federal court no later than the 121st day after the date of the notice. (*Id.*).

It is undisputed that Plaintiff did not file exceptions to the ALJ's decision until March 21, 2014. (Doc. #11-1 at ¶4(a); Doc. #11-3). Thus, with the SSA having mailed the ALJ's decision and the notice on January 21, 2014, Plaintiff's exceptions were filed approximately one month after the 30-day time limit set forth in 20 C.F.R. §404.984(b). In a letter dated May 2, 2014, the SSA advised Plaintiff that it did "not appear that [she] acted timely" and that she must show that she timely filed a request for extension of time. (Doc. #11-3 at 1). There is no indication in the SSA's records that Plaintiff ever responded to the SSA's request (Doc. #11-1 at ¶4(a)), and she does not claim to have done so. As a result, on January 8, 2015, the Appeals Council advised Plaintiff that, due to her failure to prove that she had timely filed her request for extension, it considered her exceptions untimely and that the ALJ's decision was the final decision of the

6

Commissioner after remand. (Doc. #11-4).

In summary, then, Plaintiff did not file exceptions, or request an extension of time within which to do so, within the 30-day period prescribed in 20 C.F.R. §404.984(b)(1). The Appeals Council did not assume jurisdiction of the claim within 60 days of the date of the ALJ's decision. *See* 20 C.F.R. §404.969(a). Thus, in accordance with 20 C.F.R. §404.984(d), the ALJ's decision became the final decision of the Commissioner on March 23, 2014. After the decision became final, Plaintiff had 60 days (*i.e.*, until May 22, 2014) to commence an action in Federal court. *See* 42 U.S.C. §405(g). Thus, the Commissioner is correct that Plaintiff's complaint, filed on February 10, 2015, is tardy. (Doc. #1).

In response to the Commissioner's motion, Plaintiff argues that, despite the fact that the ALJ's decision and the accompanying notice were dated January 21, 2014, the "decision was not received by [her attorney] at that time." (Doc. #13 at 2). Rather, Plaintiff claims that it was only upon "[r]outine follow-up with the Office of Disability Adjudication and Review (ODAR) to check on decision status (every sixty days)" that Plaintiff's counsel learned that a decision had been issued. (*Id.*). Thus, Plaintiff asserts that her attorney first received a copy of the decision on March 21, 2014, and filed exceptions that same day. (*Id.*). According to Plaintiff, then, her exceptions were timely filed within thirty days of her attorney's receipt of the ALJ decision. This argument is not persuasive.

As set forth above, the regulations make clear that "exceptions must be filed within 30 days of the date you receive the decision of the administrative law judge or an

7

extension of time in which to submit exceptions must be requested in writing within the 30-day period." 20 C.F.R. §404.984(b)(1). Moreover, "the date of receipt is presumed to be five days after the notice's date, *unless the applicant makes a reasonable showing to the contrary.*" *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273, 273-74 (6th Cir. 2010) (emphasis added).

In this case, Plaintiff cites no relevant case law and simply relies on an affidavit of a member of Plaintiff's attorney's staff, Cindy Gentges, who avers that Plaintiff's attorney's office did not receive the ALJ's decision until March 21, 2014. (Doc. #13-1). Even assuming the truth of Ms. Gentges' affidavit, however, case law makes clear that the "reasonable showing" requirement is not satisfied by a claimant's mere assertion, even in a sworn affidavit, that the Commissioner's notice was received after the five-day presumptive receipt date. *See, e.g., Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (sworn word alone insufficient to rebut statutory presumption); *Garcia v. Comm'r of Soc. Sec.*, 53 F. App'x 192, 193-94 (3d Cir. 2002) (affidavits filed by plaintiff and attorney insufficient); *Nichols v. Astrue*, 2012 WL 1068779, at *3-4 (D. Nev. Mar. 1, 2012) (affidavit alleging date of receipt insufficient to rebut presumption); *Nielson v. Astrue*, 2011 WL 2214622, at *1 (N.D. Ill. June 6, 2011) (*pro se* statement construed as an affidavit insufficient to rebut presumption); *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356-58 (S.D. Ala. 2002) (collecting cases showing that affidavit alone insufficient). Rather, the claimant must present actual evidence showing that she received the notice after that "grace period." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007). Here, where Plaintiff has offered nothing more than an affidavit of a

member of her attorney's staff, she has not rebutted the presumption that she received the ALJ's decision five days after its date.

Moreover, in her response to the Commissioner's motion, Plaintiff focuses only on *her attorney's* receipt of the notice and decision. However, it is the non-receipt by the claimant – not the claimant's attorney – that controls the five-day presumption. *See, e.g., Singleton v. Comm'r of Soc. Sec.*, 2010 WL 3734053, at *2 (W.D. Mich. Sept. 20, 2010) (plaintiff did not make a "reasonable showing" that she received the notice after the presumptive five-day period, where she relied only on evidence that her representative had not received the notice); *Salter v. Colvin*, 2014 WL 1280269, at *5 (N.D. Ohio Mar. 27, 2014) ("A court must, therefore, consider notice to the claimant, not the claimant's administrative representative."); *Ashcraft v. Astrue*, 2012 WL 1231789, at *3 (W.D. Ky. Apr. 12, 2012) (same) (citing cases). Here, Plaintiff is completely silent as to when *she* received the ALJ's decision. Because there is no evidence before the Court regarding Plaintiff's receipt or non-receipt of the decision, Plaintiff has failed to rebut the presumption that she received it five days after the date of the decision. *See Ashcraft*, 2012 WL 1231789, at *3; *Singleton*, 2010 WL 3734053, at *2; *Salter*, 2014 WL 1280269, at *5.

For all of these reasons, summary judgment should be granted in favor of the Commissioner.[1]

---

[1] Plaintiff also points to a single sentence in the SSA's May 2, 2014 letter, which purportedly states: "If we do not hear from you within 30 days, we will send you a letter telling you about your further rights to appeal in this case." (Doc. #13 at 2). According to Plaintiff, this sentence suggested that there were, in fact, further rights to appeal the

## II. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the Commissioner's Motion to Dismiss **[11]** be **GRANTED**.

Dated: August 25, 2015          s/David R. Grand
Ann Arbor, Michigan          DAVID R. GRAND
         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR

---

ALJ's decision and, thus, was "misleading and a deprivation of due process under the U.S. Constitution." (*Id.* at 4). This argument is not persuasive. The sentence at issue, when read in the context of the remainder of the letter – which repeatedly informs Plaintiff that she must submit proof of a timely request for extension of time – does not create extra-statutory appeal rights. Moreover, and perhaps more importantly, the letter was sent to Plaintiff's attorney (not to Plaintiff), an experienced Social Security attorney, who is presumed to be aware of the relevant rules and deadlines.

72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2015.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager